ORIGINAL

# In the United States Court of Federal Claims

No. 16-143T (Pro Se)
(Filed: December 13, 2016)

FILED
DEC 13 2016
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| ERICA FREMUTH,<br><br>                Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>                Defendant. | Keywords: Subject Matter Jurisdiction; Pro Se Complaint; Tax Refund; Administrative Refund Request; Informal Claim Doctrine; I.R.C. § 6511; I.R.C. § 6532; Statute of Limitations. |

*Erica T. Fremuth*, Triesen, Principality of Liechtenstein, Plaintiff *pro se*.

*Blaine G. Saito*, Attorney of Record, U.S. Department of Justice, Tax Division, Court of Federal Claims Section, Washington, DC, with whom were *G. Robson Stewart*, Assistant Chief, Court of Federal Claims Section, *David I. Pincus*, Chief, Court of Federal Claims Section, and *Caroline D. Ciraolo*, Acting Assistant Attorney General, for Defendant.

## OPINION AND ORDER

**KAPLAN, Judge.**

      In this tax refund case, pro se Plaintiff Erica Fremuth, a non-resident alien, claims that she is entitled to a refund of taxes withheld from her monthly Social Security payments for the tax years 2000 to 2007 and 2009 to 2012. The government has moved to dismiss Ms. Fremuth's complaint under Rules of the Court of Federal Claims (RCFC) 12(b)(1) and 12(b)(6).

      As discussed below, the Court lacks subject matter jurisdiction over Ms. Fremuth's claims for the tax years 2000 through 2007 because she failed to file a timely administrative refund request with respect to those years. Further, the Court lacks subject matter jurisdiction over her claims for the 2012 tax year because the Internal Revenue Service (IRS) disallowed her claim for that year, and she failed to file her action in this Court within two years of the IRS's mailing of the notice of that disallowance. Finally, Ms. Fremuth's remaining claims lack merit because she, in fact, owed the taxes that were

7014 1200 0000 9093 5388

withheld from her Social Security payments. Accordingly, Ms. Fremuth's complaint must be **DISMISSED**.[1]

## BACKGROUND[2]

### I. Ms. Fremuth's Tax Refund Request

Ms. Fremuth is a citizen and resident of the Principality of Liechtenstein. See Compl. at 1, Docket No. 1. She formerly resided in the United States. See id. at 5. She receives monthly Social Security payments from the Social Security Administration (SSA). See id. at 2, 6. Pursuant to I.R.C. §§ 871 and 1441, the SSA withholds a portion of each of her payments to pay U.S. federal taxes.[3] See id. at 6.

In a letter dated May 18, 2009, the IRS informed Ms. Fremuth that she would receive a refund of $2,080.80 based on "an error on [her] 2008 Federal Income Tax Return." See Def.'s Mot. to Dismiss the Compl. (Def.'s Mot.) Ex. 4 at 2, Docket No. 10. At some point following this communication, Ms. Fremuth sent the IRS a short, undated letter acknowledging that she had received the refund and "request[ing] information on refunds due to me for years prior to the period treated on this refund." Id. at 1 (emphasis omitted).

On January 30, 2013, Ms. Fremuth sent the IRS a letter titled "Filing Form 1040 NR U.S. Nonresident Alien Income Tax Return 2012." Def.'s Mot. Ex. 2. She apparently appended her 2012 tax return to this letter. See Def.'s Mot. Ex. 1.

In the letter, Ms. Fremuth asked the IRS to "look into [her] situation" and refund to her "any and all taxes [she] ever paid . . . as show[n] in all forms 1040 [she] ha[d] ever filed before the IRS ever since [the] year 2000 A.D." Def.'s Mot. Ex. 2 at 2 (emphasis omitted). She noted that "way back in 2009, [she] was granted a refund of USD 2080[.]80 for the year 2008," which was "the entire amount of tax that was then deducted . . . by the Social Security Adm[i]nistration." Id. at 1–2 (emphasis omitted). Ms. Fremuth stated that she had "in the past erroneously file[d] form[] 1040 which only applies to persons resident in the U.S.A." Id. at 1 (emphasis omitted). She also noted that "in the past [she] had] sen[t] numerous requests for refund[s]" to the IRS "to no practical avail . . . the

---

[1] Along with her complaint, Ms. Fremuth filed a motion for leave to proceed in forma pauperis. Docket. No. 2. The Court **GRANTS** that motion solely for the purpose of deciding the government's motion to dismiss.

[2] The facts set forth below are based on the assertions in Ms. Fremuth's complaint, as well as jurisdictional facts drawn from the government's motion to dismiss and the documents attached to the parties' filings.

[3] I.R.C. § 871 imposes a tax on non-resident alien individuals with sources of income in the United States, and specifically provides for the taxation of social security benefits. See id. § 871(a)(3). I.R.C. § 1441(a) requires payors to withhold taxes from any income payments made to non-resident alien individuals. See id.

fundamental error being that [she] filed form 1040 . . . when . . . [she] should have . . . file[d] with form 1040NR as a nonresident alien." Id. (emphasis omitted). Accordingly, she requested that the IRS refund to her "all taxes [she] ever paid as made evident in the deductions [by the SSA] . . . ever since [she began] receiving social security benefits in [the] year 2000 A.D." Id. at 2 (emphasis omitted).

In another letter, dated March 29, 2013, Ms. Fremuth again requested a refund. See Def.'s Mot. Ex. 3. She reiterated her belief that she was "[e]ntitled to be refunded for . . . all sums ever deducted from" her Social Security income. Id. at 2 (emphasis omitted). She therefore requested that the IRS "proceed to refund any and all amounts due to me at your very earliest convenience together with whatever additional sum for delayed payment you [deem] appropriate." Id. at 2 (emphasis omitted).

## II.     The IRS's Denial of Ms. Fremuth's Refund Request

The IRS mailed a letter to Ms. Fremuth denying her refund request on January 21, 2014. See Compl. at 4. Ms. Fremuth appealed the denial. See id.

On December 23, 2015, the IRS Appeals Office "completed its review" of Ms. Fremuth's claim and found that "there [was] no basis to allow any part of [the] claim." Id. The Appeals Office first observed that "[t]he return and claim you filed for 2012 is the only year under consideration." Id. at 5. It noted, however, that its explanations for denying her claim "appl[ied] to all years you were a non-resident alien." Id. It then informed Ms. Fremuth that "[u]nder U.S. tax law, non-residents are required to pay income tax on Social Security benefits" and that "U.S. income taxes are withheld from those benefits when the recipient lives outside the U.S." Id. "In your case," the letter continued, "the withholding [was] the same as the tax liability." Id. Thus, "[s]ince the withholding [was] the same as the income tax, you [had] no tax due and no refund available." Id.

The Appeals Office also observed that "[t]he fact that you received a refund for the 2008 year does not mean you are entitled to a refund for any other year" because "each year stands on its own." Id. Further, "[s]ince there is no evidence that we examined your 2008 return, we cannot determine whether it was properly prepared, its accuracy[,] or whether the refund was proper." Id.

## III.    This Action

Ms. Fremuth filed her complaint in this Court on January 27, 2016. She alleged that the IRS incorrectly treated her claim as applying only to her 2012 taxes. See id. at 1 ("While 2012 may be the only year [the IRS is] considering, I have filed multiple claims and . . . have . . . always demanded that any and all income tax I have ever paid by virtue of deduction from my social benefits should be refunded . . . ." (emphasis omitted)). Further, she alleged that her annual Social Security payments did not total the "minimum annual income that would make [her] liable to pay income tax." Id. at 2 (emphasis omitted). Thus, Ms. Fremuth alleged, she was "not liable to pay any taxes at all." Id. at 3 (emphasis omitted). Accordingly, she requested that the Court "instruct [the] IRS to

refund any and all tax ever withheld by virtue of deduction from [her] social benefit." Id. (emphasis omitted).

On June 17, 2016, the government moved to dismiss the complaint under RCFC 12(b)(1) and 12(b)(6). Docket No. 10. By the Court's leave, Ms. Fremuth filed an out-of-time response on November 1, 2016. Docket No. 15. The government filed a reply on November 17, 2016. Docket No. 16.

## DISCUSSION

### I. Jurisdiction

#### A. Jurisdictional Principles

Whether a court has jurisdiction to decide a case is a threshold matter, and, if no jurisdiction exists, the court must order dismissal without proceeding further. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998); RCFC 12(h)(3). The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. Brandt v. United States, 710 F.3d 1369, 1373 (Fed. Cir. 2013); see also Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). It is well established that complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the court that jurisdictional requirements have been met. Bernard v. United States, 59 Fed. Cl. 497, 499 (2004), aff'd, 98 F. App'x 860 (Fed. Cir. 2004).

Further, the court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). Thus, the court may raise the issue of subject matter jurisdiction sua sponte at any time, see Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1346 (Fed. Cir. 2008), and may "inquire into jurisdictional facts" to determine whether it has jurisdiction, Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991).

#### B. The Court of Federal Claims' Jurisdiction Over Tax Refund Cases

The Tucker Act grants the Court of Federal Claims jurisdiction to hear "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). It is well established that this jurisdictional grant extends to suits for the refund of taxes remitted to the Treasury. Ont. Power Generation v. United States, 369 F.3d 1298, 1301 (Fed. Cir. 2004); Ledford v. United States, 297 F.3d 1378, 1382 (Fed. Cir. 2002); Shore v. United States, 9 F.3d 1524, 1525 (Fed. Cir. 1993); see also 28 U.S.C. § 1346(a)(1) (granting the Court of Federal Claims concurrent jurisdiction with the district courts over "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum

alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws").

This Court's exercise of that jurisdiction is subject, however, to several statutory and jurisprudential prerequisites. See Ishler v. United States, 115 Fed. Cl. 530, 534–36 (2014). Among these is the requirement set forth in I.R.C. § 7422(a) that the taxpayer file an administrative refund request before filing a tax refund suit. Specifically, § 7422(a) provides that:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

Id. Further, under § 6511(a), the taxpayer must file the administrative refund request within the later of "3 years from the time the return was filed or 2 years from the time the tax was paid." Id.; see also United States v. Dalm, 494 U.S. 596, 602 (1990) ("[U]nless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund . . . may not be maintained in any court.").

For purposes of this timely filing requirement, returns are treated as filed on the last permissible date regardless of their actual date of filing. See I.R.C. § 6513(a). Further, under a doctrine known as the "informal claim doctrine," a refund request need only "fairly apprise[] the IRS of the basis for the claim within the limitations period" to comply with the timely filing requirement. Computervision Corp. v. United States, 445 F.3d 1355, 1364 (Fed. Cir. 2006); see also United States v. Kales, 314 U.S. 186, 194 (1941). That is, so long as the refund request notifies the IRS of the nature and basis of the taxpayer's claim, it need not comply with every formal administrative requirement at the moment of filing to be considered timely filed. See Kales, 314 U.S. at 194 (informal letter describing taxpayer's claim was sufficient to meet timely filing requirement "where formal defects and lack of specificity [could be] remedied by amendment filed after the lapse of the statutory period").

In addition to filing a timely administrative refund request, a taxpayer wishing to file a tax refund suit in the Court of Federal Claims must adhere to the filing restrictions set forth in I.R.C. § 6532(a)(1). Section 6532(a)(1) provides as follows:

> No suit or proceeding . . . for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim . . . unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

Id. Thus, if the IRS disallows the taxpayer's administrative refund request, the taxpayer must file suit within two years of the date that the IRS mailed the taxpayer the notice of that disallowance; otherwise, the court will lack jurisdiction. Harper Int'l Corp. v. United States, 120 Fed. Cl. 66, 72 (2015) (dismissing case for lack of subject matter jurisdiction where plaintiff failed to file refund suit within two years of notice of disallowance); Ishler, 115 Fed. Cl. at 535 (statute of limitations set forth in § 6532(a)(1) is a jurisdictional prerequisite); Brach v. United States, 98 Fed. Cl. 60, 67–68 (2011) (same); see also Rosser v. United States, 9 F.3d 1519, 1523 (11th Cir. 1993) ("[T]he two-year statute of limitations laid out in 26 U.S.C. § 6532(a)(1) begins to run in every case on the date the IRS mails the taxpayer a notice of disallowance, whether or not the taxpayer actually receives the notice.").

### C. <u>Application to This Case</u>

As discussed above, under the informal claim doctrine, an administrative refund request need only "fairly apprise[] the IRS of the basis for the claim" to be considered timely filed. See Computervision Corp., 445. F.3d at 1364. The Court concludes that the undated letter Ms. Fremuth submitted after she received a refund in 2009 does not meet this standard. Thus, the three-sentence letter did not demand payment or indicate that Ms. Fremuth believed that the SSA had improperly withheld money from her benefit payments. See Def.'s Mot. Ex. 4 at 1. Instead, Ms. Fremuth merely "request[ed] information" about any refunds that might be "due to [her] for years prior to the period treated on this refund." Id. Accordingly, even under the informal claim doctrine, the undated letter did not contain enough information to apprise the IRS of the nature of her refund claim, and thus did not constitute an administrative refund request for purposes of § 6511(a).

On the other hand, Ms. Fremuth's January 30, 2013 and March 29, 2013 letters spell out the basis for her refund request in sufficient detail to apprise the IRS of the nature of her refund claim. In those letters, she claimed that she was entitled to a refund of "all taxes [she] ever paid as made evident in the deductions" withheld from her Social Security benefits by the SSA. Def.'s Mot. Ex. 2 at 2. She noted that she received a refund in an amount equal to those deductions for the 2008 tax year. See id.; Def.'s Mot. Ex. 3 at 2. And she claimed that she was similarly entitled to a refund for every other tax year "since [she began] receiving social security benefits in [the] year 2000 A.D." Def.'s Mot. Ex. 2 at 2 (emphasis omitted). Under the informal claim doctrine, the Court concludes that these letters adequately apprised the IRS of Ms. Fremuth's request for a refund of the taxes withheld from her Social Security benefits for every tax year from 2000 through 2007 and from 2009 through 2012.[4]

Even so construed, however, Ms. Fremuth's request is untimely under § 6511(a) with respect to the tax years from 2000 through 2007. See Def.'s Mot. at 8–9. The statute of limitations for filing a timely administrative claim regarding the 2007 tax year expired

---

[4] The Court has excluded the 2008 tax year because Ms. Fremuth in fact received a refund for that year.

in April 2011. See id. Because Ms. Fremuth did not file her administrative refund request until January 30, 2013, her request was untimely as to the 2007 tax year and every previous tax year as well.

Further, Ms. Fremuth's claim with respect to the 2012 tax year is barred by the two-year statute of limitations set forth in I.R.C. § 6532(a)(1). As noted above, the IRS mailed its letter denying Ms. Fremuth's request as to the 2012 tax year on January 21, 2014.[5] See Compl. at 4. The two-year statute of limitations thus expired on January 21, 2016, six days before Ms. Fremuth filed her complaint.[6] Accordingly the Court lacks jurisdiction over Ms. Fremuth's claims with respect to the 2012 tax year.[7]

In summary, even under the informal claim doctrine, the Court lacks jurisdiction over Ms. Fremuth claims with respect to the tax years from 2000 to 2007 because Ms. Fremuth failed to file a timely administrative refund request for those years. Further, the Court lacks jurisdiction over Ms. Fremuth's claim with respect to the 2012 tax year because the IRS mailed Ms. Fremuth a notice of the disallowance of her request with respect to the 2012 tax year more than two years before Ms. Fremuth filed suit in this Court. On the other hand, the Court has jurisdiction to hear Ms. Fremuth's claims with respect to the 2009, 2010, and 2011 tax years.

## II.     Ms. Fremuth's Claims for the 2009, 2010, and 2011 Tax Years

When considering a motion to dismiss for failure to state a claim under RCFC 12(b)(6), the court accepts as true the complaint's undisputed factual allegations and construes them in the light most favorable to the plaintiff. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The court also draws all reasonable inferences in favor of the non-moving party. Sommers Oil Co. v. United States, 241 F.3d 1375, 1378 (Fed. Cir. 2001). So construed, the plaintiff's allegations must "raise [the] right to relief above the

---

[5] Although Ms. Fremuth clearly requested refunds for every tax year from 2000 on, the IRS's denial letter expressly stated that "[t]he return and claim you filed for 2012 is the only year under consideration." See Compl. at 5. And while the letter opines that the IRS's "explanations apply to all years [Ms. Fremuth was] a non-resident alien," it did not itself dispose of Ms. Fremuth's claims for any tax years other than 2012. See id. Indeed, it expressly declined to do so. Id. Accordingly, for purposes of I.R.C. § 6532, the Court concludes that the notice of disallowance the IRS mailed to Ms. Fremuth covered only her claims related to the 2012 tax year.

[6] The Court notes that the "mailbox rule"—under which a document sometimes may be deemed filed as of the date it was postmarked—does not apply in tax refund suits in the Court of Federal Claims. See Harper Int'l, 120 Fed. Cl. at 72.

[7] By contrast, the statute of limitations has not yet begun to run for Ms. Fremuth's claims with respect to the 2009, 2010, and 2011 tax years because the I.R.S. has not mailed a notice of the disallowance of those claims. See I.R.C. § 6532(a)(1).

speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In other words, the plaintiff's claim must be plausible on its face. Id. at 570; see also Acceptance Ins. Cos., Inc. v. United States, 583 F.3d 849, 853 (Fed. Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

In her complaint, Ms. Fremuth alleges that she is entitled to a refund of the taxes withheld from her Social Security benefits because her annual income (which consists only of her Social Security payments) is insufficient to make her liable to pay income tax. See Compl. at 2. According to Ms. Fremuth, "[c]ommon sense . . . has it that a widow with an annual income of only $6[,]999.30 should not pay any taxes at all."[8] Id. In her view, the fact that the IRS paid her a refund for the 2008 tax year shows that she should be entitled to a refund for every other tax year at issue, as her income in 2008, like her income for every other tax year, consisted solely of her Social Security benefits. See id. at 2–3.

Ms. Fremuth's claims lack merit. As noted above, I.R.C. § 871 imposes a tax on the income that non-resident alien individuals like Ms. Fremuth receive from sources within the United States. In particular, § 871(a)(1) imposes a tax of thirty percent on income from United States sources that are not connected with a United States business. Income from Social Security benefits falls within this category. See id. § 871(a)(3). Indeed, § 871(a)(3) modifies § 871(a)(1) with respect to Social Security benefits, so that for the purposes of § 871(a)(1), "85 percent of any social security benefit . . . shall be included in gross income."

Importantly, the Internal Revenue Code does not permit non-resident alien taxpayers to take deductions from income subject to taxation under § 871(a)(1). See id. § 873(a); see also Treas. Reg. 1.871-7(a)(3) ("Deductions shall not be allowed in determining the amount subject to tax under [§ 871(a)(1)] . . . ."). Thus, in contrast to the incomes of individuals residing in the United States, a non-resident alien's income from Social Security benefits is subject to taxation regardless of how little income she may receive from United States sources that are not connected with a United States business.

Further, as the government points out, the IRS may not be equitably estopped from correcting an earlier mistake of law. See Def.'s Mot. at 7 (citing Auto. Club of Mich. v. Comm'r, 353 U.S. 180, 183 (1957)). Thus, even if the IRS erred when it refunded Ms. Fremuth's taxes for the 2008 tax year, that fact would not prevent it from correcting that error with respect to subsequent tax years.

---

[8] The Court notes that Ms. Fremuth's claimed income of $6,999.30 is the amount she receives after her taxes have been withheld.

Accordingly, the Court concludes that Ms. Fremuth has not plausibly alleged any legal basis demonstrating her entitlement to a refund for the 2009, 2010, and 2011 tax years.

## CONCLUSION

For the reasons discussed above, the government's motion to dismiss Ms. Fremuth's complaint is **GRANTED**. Ms. Fremuth's claims with respect to the tax years from 2000 through 2007 and 2012 are dismissed without prejudice. Her claims with respect to the 2009, 2010, and 2011 tax years are dismissed with prejudice. The Clerk is directed to enter judgment accordingly. Each side shall bear its own costs.

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Judge